On Application of Defendants for a Rehearing.
LAND, J.
The complaint of counsel for the defendant of error in fact as to the amount adjudged to be due the plaintiff is not supported by the record. The police jury appropriated 810,000 for public schools on the budget for 1907. This suit was filed May 23, 3908, and up to that date 87,775.27 had been paid to the school board. Between May 23, 1908, and the time of the trial of the suit in June following, an additional sum of 876.10 was paid, making a total of 87,851.37, and leaving a balance of 82,148.63 due the school board. Mr. Romero, the parish treasurer, furnished the figures, and the judge a quo found that 87,851.37 was the total amount paid up to the time of the trial. Set we find, in the brief of counsel for the police jury in support of the application for a rehearing, a statement that at the date of the trial, June 29, 1908, the police jury owed the school board nothing. There was no such contention in the court below or in this court on the original hearing. The defendant made no plea of payment, but adduced evidence to show what had been paid to the school board out of the budget appropriation of 810,000. Mr. Romero, the parish treasurer, testified! that up to the date of the filing of the suit a total of $7,775.27 had been paid, and up to-the day on which he gave this evidence a total of 87,851.37 had been paid. These figures show that only 876.10 was paid between the date of the filing of the suit and the date of the trial. Yet it is the present contention of counsel for the defendant that it appears *429 from the testimony of the same witness that the additional amounts of $384, $2,060.15, and $76.15 were paid up to June 29, 1906. Counsel refers the court to the following portions of Mr. Romero’s testimony:
“Q. Was demand ever made on you or the police jury for settlement before this suit was filed?
“A. No, sir. Mr. Weeks and Mr. Hecker called on me at my office ostensibly to secure data as evidence in this suit, but in reality to secure evidence in a suit against me, and I told these men I found it very strange they should be filing suit against the parish to recover funds under a budget which had not been collected. I pulled out a statement I had just received from the tax collector showing a credit of $384 for the school fund. I also told them that this was not all they were going to get, because other collections would be made by the tax collector. The fact is I had, as I deposited after that to the credit of the school fund, $2,060 as a portion going for the school fund from one mill criminal tax, and stated to them there would be more funds from the same source. I also deposited $76.15 on June 16th on the school’s portion of the tax collections for May, and have now in my possession a statement from the tax collector of the sum of $35 which was handed me this morning.”
After giving this rambling statement, which it is impossible to understand and apply to the issue in this case without explanation as to dates and sources of revenue, Mr. Romero gave testimony as follows:
“Q. This $7,851.37 is a total paid to the school board under which budget?
“A. Of collections made in 1907 and under budget of 1907.”
It follows that Mr. Romero’s reference to the sums of $384, $2,060, and $76.15 cannot affect the fact that the total amounts paid to the school board aggregate $7,851.37 down to the time of the trial. The last amount was included in this total, and the other two amounts were likewise included or have nothing to do with the question. The amounts paid were matters of record, and we cannot see how any mistake as to the total could have been made by the parish treasurer.
That the police jury owes the school board $194 on poll tax accounts is shown by the evidence, and is not disputed.
Our decree is therefore correct as to the amount of the indebtedness due by the defendant to the plaintiff.
The defendant in the application for a rehearing contends that our decree is incorrect as to total amounts collected on tax roll for 1907, because based on collections made up to date of trial. As we allowed the defendant credits up to date of trial, we adopted the same date to determine the amount of tax collections. We found that the tax collector had collected $48,743.98 net, and expected to collect before July 10, 1909, four or five hundred dollars more, the total exceeding the budget for 1907. At the date of the suit the May collections had been accounted for, except $629.17 taxes and $397.72 sheriff’s commission, leaving a net collection of only $31.45 applicable to the budget for 1907, or about $6 to the appropriation in favor of the school board. The result is that when this suit was filed there was practically on hand, or should have been on hand, sufficient funds to pay the just demands of the school board. The difference is so trifling that the maxim' de minimis, etc., may well be applied.
Rehearing refused.
BREAUX, C. J. I agree in the conclusion reached in the above-entitled case, and concur in the decree.